**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFE DRAIN INC., | No. C-14-01867 DMR |
| Plaintiff(s), | **ORDER DENYING MOTION TO DISMISS OR TO TRANSFER VENUE [DOCKET NO. 27]** |
| v. | |
| KATE VITO ET AL, | |
| Defendant(s). | |

Defendants Kate Vito and SPCC Solutions, Inc. ("SPCC") filed a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, a motion to transfer venue to the United States District Court for the Eastern District of California under 28 U.S.C. § 1404(a). [Docket No. 27.] Defendant John Barhaugh joined the motion.[1] [Docket No. 30.] The court held a hearing on the motion on August 14, 2014. For the reasons stated below and at the hearing, the motion is **denied.**

### I. BACKGROUND

---

[1] The court notes that Defendant Barhaugh's notice of joinder not only joins Barhaugh in the motion but also attempts to add argument to the motion. *See* Docket No. 27 at 1. The latter is improper, and will not be considered by the court. *See, e.g.*, *LiveOps, Inc. v. Teleo, Inc.*, No. C05-03773 MJJ, 2006 WL 83058 at *1 n. 2 (N.D. Cal. Jan. 9, 2006) (permitting joinder to the extent that defendant adopts moving papers, but striking "additional substantive arguments beyond an intention to join [the] motion").

Plaintiff makes the following allegations in its Complaint. Plaintiff Safe Drain Inc. is a California corporation with its principal place of business in Stockton. Vito is an individual who resides in Sacramento County and is a former employee and manager of Plaintiff. SPCC is a Nevada corporation with its principal place of business in Sacramento County. Barhaugh is an individual who resides in Alameda County; Barhaugh is a former employee and senior vice-president of sales for Plaintiff. Compl. [Docket No. 1] at ¶¶ 6-9.

Plaintiff holds a federal registration for the trademark SAFE DRAIN in connection with storm drain catch basins. *Id.* at ¶ 11. Vito was employed by Plaintiff as a vice president from 2001 until 2010, although she continued to perform work for Plaintiff after her resignation in 2010. *Id.* at ¶ 12. In late 2011, Vito started SPCC, a competitor to Plaintiff. *Id.* at ¶ 14. Barhaugh was employed by Plaintiff from 2004 until 2013, and subsequently began work for SPCC. *Id.* at ¶ 13. Plaintiff believes that Vito and Barhaugh "conspired and worked together to unfairly compete with Plaintiff from at least early 2013," including by contacting Plaintiff's customers (including United Airlines and Mission Foods, who are allegedly located in this district), taking Plaintiff's existing purchase orders (including with United Airlines and CalTrans, allegedly located in this district), converting and using physical property of Plaintiff, presenting to customers that SPCC was affiliated with Plaintiff, diverting payments from Plaintiff to Defendants, using Plaintiff's funds for Defendants' personal expenses, and using images of Plaintiff's product to represent Defendants' products. *Id.* at ¶¶ 13-16. Plaintiff alleges that Defendants interfered with at least seven of Plaintiff's business relations. *Id.* at ¶ 10.

On November 18, 2013, Vito terminated her relationship with Plaintiff. According to Plaintiff, at that time, she took with her or destroyed Plaintiff's paper files, took the only copies of digital files of the same, and took a laptop belonging to Plaintiff that held Plaintiff's documents and records. *Id.* at ¶ 17. Plaintiff repeatedly demanded the return of this laptop, which Vito returned approximately six months later. *Id.* at ¶ 19. Vito also controlled a bank account she held in her name for the benefit of Plaintiff, and refused to provide Plaintiff access to the account or inform Plaintiff how the funds have been spent. *Id.* at ¶ 17.

2

1  Plaintiff brings nine causes of action against all Defendants, including two federal claims
2  (trademark infringement under 15 U.S.C. § 1114, and unfair competition and false designation of
3  origin under 15 U.S.C. § 1125(a)) and seven state law claims (common law service mark
4  infringement, statutory unfair competition, common law unfair competition, misappropriation of
5  trade secrets, interference with prospective business relations, breach of fiduciary duty, and
6  conversion). *Id.* at ¶¶ 20-65.

## II. MOTION TO DISMISS FOR IMPROPER VENUE

8  A defendant may move to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). Rule
9  12(b)(3) authorizes dismissal "only when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co.,*
10 *Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). "Whether venue is
11 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought
12 satisfies the requirements of federal venue laws" and is "generally governed by 28 U.S.C. § 1391."
13 *Id.* That statute provides that a civil action may be brought in: (1) a judicial district in which any
14 defendant resides, if all defendants are residents of the state in which the district is located; (2) a
15 judicial district in which a substantial part of the events or omissions giving rise to the claim
16 occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is
17 no district in which an action may otherwise be brought as provided in this section, any judicial
18 district in which any defendant is subject to the court's personal jurisdiction with respect to such
19 action. 28 U.S.C. § 1391(b). If the case at issue falls within one of the three categories described in
20 § 1391(b), venue is proper. If it does not, "venue is improper, and the case must be dismissed or
21 transferred." *Atlantic Marine,* 134 S.Ct. at 577.

22 It is undisputed that Barhaugh is located in the Northern District and that all Defendants are
23 residents of California. Under these circumstances, venue is proper under 28 U.S.C. § 1391(b)(1).
24 The motion to dismiss for improper venue is therefore **denied.**

## III. MOTION TO TRANSFER VENUE

**A. Legal Standards**

27 "For the convenience of parties and witnesses, in the interest of justice, a district court may
28 transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26, 27 (1960)). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

When determining whether a transfer is proper, a court must employ a two-step analysis. *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013). A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See id.*; *see also Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen,* 376 U.S. at 622).

Pursuant to Section 1404(a), a court should consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. 28 U.S.C. § 1404(a). Additional factors that a court may consider include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors include the local interest in the controversy and the relative court congestion and time to trial in each forum. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("But this list does not exhaust the possibilities."). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne,* No. 08-1339, 2008 WL 4543043, at *2 (N.D.Cal. Oct. 10,

2008) (citing *Stewart Org., Inc.,* 487 U.S. at 29; *Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 639 (9th Cir. 1988)).

"Unless the balance of the § 1404(a) factors 'is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.'" *Getz v. Boeing Co.*, 547 F.Supp.2d 1080, 1082 (N.D. Cal. 2008) (quoting *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)). "The burden is on the defendant to show that the convenience of parties and witnesses and the interest of justice require transfer to another district." *Id.* (citing *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979)).

Plaintiff does not dispute that this action could have been brought in the Eastern District, which encompasses Stockton (Plaintiff's principal place of business) and Sacramento County (Vito's residence and SPCC's principal place of business). *See* 28 U.S.C. 1391(b)(1) (venue is proper where a defendant resides in the district and all defendants reside in the state). The court therefore turns to the individualized analysis of whether transfer to the Eastern District would serve the convenience of the parties and witnesses and the interests of justice.

"[T]here is a strong presumption in favor of a plaintiff's choice of forum." *Getz*, 547 F.Supp.2d at 1082. However, "[t]here are situations . . . where a plaintiff's choice of forum is accorded little weight. *See, e.g.*, *Pacific Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir. 1968) ('If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.')." Here, Plaintiff, Vito and SPCC are based in the Eastern District. Barhaugh resides in the Northern District. Significant operative facts occurred in both districts, as well as elsewhere. For example, Vito and Barhaugh's employment with Plaintiff and Vito's involvement with SPCC all occurred in the Eastern District, as did Vito's alleged destruction of documents in her laptop and some of Defendants' interference with Plaintiff's business relationships. The Complaint also recounts alleged conduct that occurred within the Northern District, for example: "[c]ontacting existing accounts of Plaintiff, including customers or customer offices located in this judicial district such as United Airlines and Mission Foods" and "[t]aking existing purchase orders issued to Plaintiff for Plaintiff's products from Plaintiff's customers,

including customers or customer offices, including United Airlines (in this judicial district) [and] CalTrans (an order for installation in this judicial district) . . . ." *Id.* at ¶ 16. Plaintiff has filed a declaration from its president including additional facts: a United Airlines order diverted by Defendants was for an installation at San Francisco International Airport; an order for CPI diverted by Defendants was installed in Palo Alto; and an order for Stericycle, a prospective customer of Plaintiff, was installed by Defendants in the Northern District. Deming Decl. [Docket No. 28-1] at ¶ 6.[2]

As to the convenience of the parties, all parties except Barhaugh are located in the Eastern District. Plaintiff has chosen counsel located in San Francisco, but this is not a valid consideration on a motion to transfer venue. *Smith v. Aetna Life Ins. Co.*, No. C 11-2559 SI, 2011 WL 3904131 at *2 (N.D. Cal. Sept. 6, 2011) ("The convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a).") (citing *In re. Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of the transfer of venue."); *Solomon v. Continental American,* 472 F.2d 1043, 1047 (3d Cir. 1974) ("The convenience of counsel is not a factor to be considered.")).

"The convenience of witnesses is often the most important factor in deciding whether to transfer an action." *Getz*, 547 F. Supp. 2d at 1083. However, the Ninth Circuit has also noted that "the location of evidence and witnesses . . . is no longer weighed heavily given the modern advances in communication and transportation." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). Here, no party has made a strong argument that the convenience of witnesses or access to evidence favors its position. With respect to the parties themselves (who would also be witnesses), all but one are based in the Eastern District. However, with respect to non-party witnesses, it is again unclear where most would be located, given the paucity of the record on this motion. Defendants did not identify any non-party witnesses. Plaintiff identified some customers

---

[2] The Complaint lists at least two other examples of Defendants' taking Plaintiff's existing purchase orders for customers not located in the Northern District, and at least five other customers not located in the Northern District whose business relationship with Plaintiff had been affected by Defendants' acts. *Id.* at ¶¶ 16, 50.

and projects based in the Northern District, although Defendants contend that some of these projects involved customers whose headquarters are in the Eastern District or out of state.

With respect to access to access to Defendants' files, Defendants contend that Vito and SPCC's documents are located in the Eastern District; Vito has filed a declaration stating that "[a]ny potential hardcopy documents relating to this action would be maintained in the County of Sacramento, State of California." *See* Vito Decl. [Docket No 27-1] at ¶ 5. This statement is vague, as it does not specify whether Defendants even have paper documents, let alone how many such documents or what percentage of its total documents are paper documents. At the hearing, Vito's counsel conceded that Vito and SPCC had not made any effort to describe the amount of hardcopy documentary evidence, if any, that will be relevant to this case. For its part, Plaintiff notes that some of its paper and electronic documents have been destroyed by Vito or her brother (who apparently maintained Plaintiff's server), but Plaintiff does not dispute that whatever remains of its documents are located in the Eastern District. Opp. [Docket No. 28] at 6; Deming Decl. at ¶¶ 4-5.

Other factors, such as the difference between litigating in one district versus another with respect to costs or time, were unexplored by the parties.

Considering the balance of these factors, and considering that "the plaintiff's choice of forum should rarely be disturbed," *Getz*, 547 F.Supp.2d at 1082, the court finds that Defendants have not met their burden of making a "strong showing" that the convenience of parties and witnesses and the interest of justice require transfer to another district.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for improper venue and Defendants' motion to transfer venue are both **denied.**

IT IS SO ORDERED.

Dated: August 19, 2014



DONNA M. RYU
United States Magistrate Judge