LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone: (415) 882-3288
Facsimile: (415) 882-3299
Email: ltownsend@owe.com

Attorneys for Plaintiff STORMWATER SYSTEMS, INC. fka SAFE DRAIN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFE DRAIN INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KATE VITO, an individual, SPCC SOLUTIONS, INC., a Nevada corporation, and JOHN BARHAUGH, an individual,<br><br>Defendants. | Case No. C-14-01867 DMR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: September 25, 2014<br>Time: 11:00 a.m.<br>Courtroom: 4, 3rd Floor<br>**The Hon. Donna M. Ryu** |

1. **INTRODUCTION**

As the Court noted in its Order Denying Motion to Change Time [Docket No. 43], entered on August 26, 2014, this motion is moot. Evidence was presented that the corporation had been revived. Plaintiff was newly named "Stormwater Systems, Inc." because Defendant Vito had incorporated under the name "Safe Drain, Inc." on August 7 at a time when Plaintiff was suspended. Nevertheless, Plaintiff agreed to provide additional evidence of the corporation's revivor prior to taking the motion off calendar. That was done on August 30 when the website again reflected that Plaintiff was an "active" corporation. Counsel for plaintiff requested as a courtesy that it be confirmed this motion would be taken off calendar. Counsel for Barhaugh has not accepted the website that Defendants relied upon, requesting the Court take judicial notice.

1

For reasons that remain unarticulated (as of finalizing these papers), the motion has not been taken off calendar even though it is moot, on its face and on triggering conditions that were agreed by the parties.

### 2. It Was Agreed the Motion Would Go Off Calendar When the State Website Reflected Revivor

The Secretary of State website reflects in the "Business Entity Detail" page for Plaintiff Stormwater Systems, Inc. fka Safe Drain Inc. that the corporation is "active," restored to its rights and privileges, and no longer "suspended. See Request for Judicial Notice and Townsend Declaration, filed herewith. As set forth in Plaintiff's opposition to motion to change time, it was necessary for Plaintiff to change its name from "Safe Drain Inc." to "Stormwater Systems, Inc." because defendant Kate Vito filed articles for a new corporation under the name "Safe Drain, Inc." on August 7, 2014 at a time when Plaintiff was suspended.

Following the Order Denying Motion to Change Time [Docket No. 43], entered by the Court on August 26, 2014, counsel for Plaintiff entered into discussions with the attorneys for defendants to resolve the following: 1) obtaining additional information that the corporation was revived, 2) addressing and providing additional time as promised to respond to discovery, and 3) addressing when answers/counterclaims would be due once the first issue was suitably addressed.

On August 28, counsel for Plaintiff spoke with Defendant Vito's counsel, and they confirmed their agreement by email. Townsend, Decl., ¶5; Exh. A. It was agreed that, in addition to staying discovery responses until September 25, the answer/counterclaim would be due two weeks from when counsel for Plaintiff provided him a copy of the certificate of revivor or two weeks from when I provided him by email "notification of the revivor being up on the Secretary of State website, whichever is earlier." *Id.* at p. 3.

On August 28, counsel for Plaintiff spoke with Defendant Barhaugh's counsel, and they confirmed their agreement by email. *Id.*, ¶6; Exh. B. It was agreed that, in addition to staying further discovery responses until September 25, the answer/counterclaim would be due two

2

1 weeks from when counsel for Plaintiff provided him a copy of the certificate of revivor or two
2 weeks from when counsel for Plaintiff provided him by email "notification of the revivor being
3 up on the Secretary of State website, whichever is earlier." *Id.* at p. 3.

On August 30, 2014 (Saturday) counsel for Plaintiff provided notification of the
corporation's revivor to counsel for both Vito and Barhaugh. *Id.*,, ¶7; Exh. C. I received prompt
reply from counsel for Barhaugh, Mr. Dillingham, stating that "it isn't clear to me that the entity
named Stormwater Systems, Inc. can pick up right where Safe Drain left off or that it's legally
the same entity..." *Id.*, Exh. C at p. 1. Counsel for Plaintiff responded and pointed out that the
entity number was identical to both the corporation that had been named "Safe Drain Inc." was
the same as the corporation named Stormwater Systems, Inc. *Id.* at p. 1. A copy of the
amendment to Safe Drain Inc.'s articles of incorporation effecting the name change had
previously been supplied. It can also be seen from the Secretary of State records in Defendants'
motion and the records regarding Stormwater Systems that both records evidence a corporation
incorporated on June 23, 2000.

Counsel for Plaintiff did not hear further from Mr. Dillingham until Tuesday morning,
September 2, advising me that he had a "busy day" and that counsel for Plaintiff should not
expect to hear from him until Tuesday night or sometime on Wednesday, the day my opposition
papers would be due. *Id.,* ¶8; Exh. D. Counsel for Plaintiff then called Mr. Carson, counsel for
Vito. He returned the call later in the day and advised that he did not require any further evidence
of the corporation having been revived but, because a joint motion had been brought, he had to
obtain approval of Mr. Dillingham to take the motion off calendar.

Plaintiff's request for judicial notice is copied from and identical to the request for
judicial notice Defendants filed to admit the information presented on the Secretary of State's
website to show the status of Plaintiff's corporation: at that time "suspended," but now "active."
Defendants agreed to rely on the same website information to confirm the corporations revivor,
i.e., whether its "active" status had been restored.

As of the finalization and filing of this opposition, counsel for Barhaugh has not
explained why this motion should not be taken off calendar.

3. **CONCLUSION**

Based on the foregoing and Plaintiff's opposition to the motion to change time, the motion is moot both as a matter of law and as a matter of fact based on the agreement the parties reached. The motion should be denied.

Dated: September 3, 2014          LAW OFFICES OF LAWRENCE G. TOWNSEND

By: _____
Lawrence G. Townsend
Attorneys for Plaintiff STORMWATER
SYSTEMS, INC. fka SAFE DRAIN INC.

S:\LGT-TENA\SafeDrain\Vito\Pleading\MoDismiss2-Opposition.wpd