LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone: (415) 882-3288
Facsimile: (415) 882-3299
Email: ltownsend@owe.com

Attorneys for Plaintiff STORMWATER SYSTEMS, INC. fka SAFE DRAIN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFE DRAIN INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KATE VITO, an individual, SPCC SOLUTIONS, INC., a Nevada corporation, and JOHN BARHAUGH, an individual,<br><br>Defendants. | Case No. C-14-01867 DMR<br><br>**DECLARATION OF LAWRENCE G. TOWNSEND IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:** September 25, 2014<br>**Time:** 11:00 a.m.<br>**Courtroom:** 4, 3rd Floor<br>**The Hon. Donna M. Ryu** |

I, Lawrence G. Townsend, declare:

1. I am the attorney of record for Plaintiff Stormwater Systems, Inc. fka Safe Drain Inc., and I make this declaration in support of its Opposition To Defendants' Motion To Dismiss.

2. As recently as September 2, 2014, I visited the California Secretary of State's official website, selected the business search portal for corporation, and entered "Stormwater Systems, Inc." into the business search utility. The system returned the "Business Entity Detail" page for Plaintiff Stormwater Systems, Inc. fka Safe Drain Inc. A true and correct copy of the page that I saw is attached to Plaintiff's Request for Judicial Notice as Exhibit A, entitled California Secretary of State Business Name Search Result Website Page for Stormwater Systems, Inc. At the time of this declaration, the corporation is shown to be "active," restored to

its rights and privileges, and no longer "suspended."

3. As set forth in Plaintiff's opposition to motion to change time, it was necessary for Plaintiff to change its name from "Safe Drain Inc." to "Stormwater Systems, Inc." because defendant Kate Vito filed articles for a new corporation under the name "Safe Drain, Inc." on August 7, 2014 at a time when Plaintiff was suspended.

4. Following the Order Denying Motion to Change Time [Docket No. 43], entered by the Court on August 26, 2014, I entered into discussions with the attorneys for defendants to resolve the following: 1) obtaining additional information that the corporation was revived, 2) addressing and providing additional time as promised to respond to discovery, and 3) addressing when answers/counterclaims would be due once the first issue was suitably addressed.

5. On August 28, I spoke with Defendant Vito's counsel, and we confirmed our agreement by email. A true and correct copy of our email exchange is attached as Exhibit A and incorporated herein by reference. It was agreed that, in addition to staying discovery responses until September 25, the answer/counterclaim would be due two weeks from when I provided him a copy of the certificate of revivor or two weeks from when I provided him by email "notification of the revivor being up on the Secretary of State website, whichever is earlier." *Id.* at p. 3.

6. On August 28, I spoke with Defendant Barhaugh's counsel, and we confirmed our agreement by email. A true and correct copy of our email exchange is attached as Exhibit B and incorporated herein by reference. It was agreed that, in addition to staying further discovery responses until September 25, the answer/counterclaim would be due two weeks from when I provided him a copy of the certificate of revivor or two weeks from when I provided him by email "notification of the revivor being up on the Secretary of State website, whichever is earlier." *Id.* at p. 2.

7. On August 30, 2014 (Saturday), I provided notification of the corporation's revivor to counsel for both Vito and Barhaugh. A true and correct copy of my email notification, showing the Secretary of State record that Plaintiff was now "active," and the further email exchange that followed are attached as Exhibit C and incorporated herein by reference. I

received prompt reply from counsel for Barhaugh, Mr. Dillingham, stating that "it isn't clear to me that the entity named Stormwater Systems, Inc. can pick up right where Safe Drain left off or that it's legally the same entity..." *Id.* at p. 1. I responded and pointed out that the entity number was identical to both the corporation that had been named "Safe Drain Inc." was the same as the corporation named Stormwater Systems, Inc. *Id.* at p. 1. I had previously supplied a copy of the amendment to Safe Drain Inc.'s articles of incorporation effecting the name change. It can also be seen from the Secretary of State records in Defendants' motion and the records regarding Stormwater Systems that both records evidence a corporation incorporated on June 23, 2000.

8. I did not hear further from Mr. Dillingham until Tuesday morning, September 2, advising me that he had a "busy day" and that I should not expect to hear from him until Tuesday night or sometime on Wednesday, the day my opposition papers would be due. A true and correct copy of this email correspondence is attached as Exhibit D and incorporated herein by reference. I then called Mr. Carson, counsel for Vito. He returned my call later in the day and advised that he did not require any further evidence of the corporation having been revived but, because a joint motion had been brought, he had to obtain approval of Mr. Dillingham to take the motion off calendar. As of Wednesday morning when this opposition needed to be finalized prior to my departure for the day with business elsewhere, I have not heard further from Mr. Dillingham.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and, if called upon to testify, I would and could competently testify thereto. Executed in San Francisco, California, on September 3, 2014.

_____
Lawrence G. Townsend

EXHIBIT A

# Larry Townsend

**From:** Larry Townsend
**Sent:** Thursday, August 28, 2014 2:12 PM
**To:** 'Trevor Carson'
**Subject:** RE: Discovery Extension

Trevor,

I agree that any rights of my client to enforce discovery, including filing a motion to compel, hinge on the corporation being revived. Thanks for sharing the FTB record. Since the record shows that the entity ID number continues to be associated with "Safe Drain Inc.," it doesn't look like much progress has been made in coordinating and updating records between the FTB and the Secretary of State.

In the meantime, our agreement regarding discovery and pleadings is confirmed. Thanks.

Larry


Lawrence G. Townsend
455 Market Street, 19th Floor
San Francisco, CA 94105

Tel: 415-882-3288
Fax: 415-882-3299
Email: lgt@lgt-law.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify the above sender, and destroy all copies of this message and any attachments. Thank you.


**From:** Trevor Carson [mailto:tcarson@carsonkyung.com]
**Sent:** Thursday, August 28, 2014 2:01 PM
**To:** Larry Townsend
**Subject:** Re: Discovery Extension

Larry,

I don't see the discovery as dead; however, if the status is not revived, a motion to compel could not be filed. In order to avoid all of the potential headaches regarding when discovery is in fact due, it's practical to have the extension noted and wait on the outcome of either revival or the motion to dismiss.

1

Thank you for clarifying the timing for an answer. I agree with your timeline on two weeks from when you provide me an email with a copy of the certificate of revivor, or when you send me an email notification of the revivor being up on the Secretary of State website, whichever is earlier.

I've attached a letter from the FTB's website dated today showing Safe Drain is not in good status. FTB should change their notice first and then inform the Secretary of State; hence, FTB might provide some information more quickly because technically they should update their website first.

Respectfully,

**Trevor E. Carson**
Attorney and Counselor at Law | Carson & Kyung, A Law Corporation
2377 Gold Meadow Way, Suite 220 | Gold River, CA 95670
Office: (916) 241-3336 | Fax: (916) 303-2334
Website: Carson & Kyung, A Law Corporation - Sacramento Office

15 Shattuck Square, Suite 208| Berkeley, CA 94704
Office: (510) 848-8885 | Fax: (916) 303-2334
Website: Carson & Kyung, A Law Corporation - Berkeley Office

Reviews: Yelp
Connect: Facebook | Twitter | LinkedIn



The information in this e-mail (including attachments, if any) may be considered confidential and intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

On Thu, Aug 28, 2014 at 1:39 PM, Larry Townsend <LTOWNSEND@owe.com> wrote:

Trevor,

I appreciate your note, and I enjoyed speaking with you earlier.

Our network has been down the last 2 hours, and hence I am just now seeing your note.

We agree on the discovery due date.

This will also confirm that we discussed and you agreed that the outstanding discovery requests are not void (or "dead" as described by Mr. Dillingham) as a result of the corporate suspension. If this is not the case, kindly let me know.

We did not actually agree on a date for the answer. We did agree that we both believed it was not presently due because of the pending motion. But because the pending motion will likely be withdrawn in the next few days pending more confirmation of revivor from the Secretary of State, I did say I was happy to give reasonable time for you to answer. However, because the case management is September 25, the same day you propose, I think we need to take the CMC into account. This is especially true where we need to be able to meet and confer regarding the factual and legal issues, describe them in the Joint CMC Statement, etc. To provide certainty as to when that is, can we say your answer (and counterclaim, if any) is due two weeks from when I provide you by email with a copy of the certificate of revivor, or when I send you email notification of the revivor being up on the Secretary of State website, whichever is earlier?

I look forward to hearing from you. Thanks.

Larry

Lawrence G. Townsend

455 Market Street, 19th Floor

San Francisco, CA 94105

Tel: 415-882-3288

Fax: 415-882-3299

Email: lgt@lgt-law.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify the above sender, and destroy all copies of this message and any attachments. Thank you.

**From:** Trevor Carson [mailto:tcarson@carsonkyung.com]
**Sent:** Thursday, August 28, 2014 12:35 PM
**To:** Larry Townsend
**Subject:** Discovery Extension

Larry,

It was a pleasure speaking with you. This email is to confirm you've granted Kate Vito and SPCC Solutions an extension on discovery and their answer to September 25, 2014. Also, that we agreed if the motion to dismiss is withdrawn, we will determine a reasonable date to file Vito and SPCC's answer.

Thank you and have a good rest of your week.

Respectfully,

**Trevor E. Carson**

Attorney and Counselor at Law | Carson & Kyung, A Law Corporation
2377 Gold Meadow Way, Suite 220 | Gold River, CA 95670

Office: (916) 241-3336 | Fax: (916) 303-2334

Website: Carson & Kyung, A Law Corporation - Sacramento Office

4

15 Shattuck Square, Suite 208| Berkeley, CA 94704

Office: (510) 848-8885 | Fax: (916) 303-2334

Website: Carson & Kyung, A Law Corporation - Berkeley Office

Reviews: Yelp
Connect: Facebook | Twitter | LinkedIn



The information in this e-mail (including attachments, if any) may be considered confidential and intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

EXHIBIT B

# Larry Townsend

**From:** Larry Townsend
**Sent:** Thursday, August 28, 2014 5:06 PM
**To:** 'Mike Dillingham'
**Cc:** 'Marc N. Bernstein (mbernstein@blgrp.com)'
**Subject:** RE: Proof of Revivor

OK, glad to hear.

Larry

---

**From:** Mike Dillingham [mailto:mike@dillinghamlawgroup.com]
**Sent:** Thursday, August 28, 2014 5:05 PM
**To:** Larry Townsend
**Cc:** 'Marc N. Bernstein (mbernstein@blgrp.com)'
**Subject:** RE: Proof of Revivor

We're on the same page. We agree to serve additional responses.

Mike Dillingham

**Dillingham Law Group** | 415-578-2520

---

**From:** Larry Townsend [mailto:LTOWNSEND@owe.com]
**Sent:** Thursday, August 28, 2014 5:00 PM
**To:** Mike Dillingham
**Cc:** 'Marc N. Bernstein (mbernstein@blgrp.com)'
**Subject:** RE: Proof of Revivor

Mike,

That was not the offer. I already have your objections served. The offer is and has been for you to not have to serve **additional** responses between now and September 25. We're not going to delay the meet and confer on the electronic files on the laptop until September 25. If there is a problem with this, tell me why and give me your authority for the "dead discovery" theory I'd hoped to make unnecessary.

Thank you.

Larry

---

**From:** Mike Dillingham [mailto:mike@dillinghamlawgroup.com]
**Sent:** Thursday, August 28, 2014 4:52 PM
**To:** Larry Townsend
**Cc:** 'Marc N. Bernstein (mbernstein@blgrp.com)'
**Subject:** RE: Proof of Revivor

Larry,

I've spoken to my client. We agree to respond to the discovery requests you served as though they were delivered by hand on August 25th, the day that Safe Drain's revivor becomes effective, contingent on that fact being true. The deadline will be September 25th, as you request.

We also agree to the extension of time in which to answer and counterclaim.

Thank you,

Mike Dillingham

**Dillingham Law Group** | 415-578-2520

**From:** Larry Townsend [mailto:LTOWNSEND@owe.com]
**Sent:** Thursday, August 28, 2014 3:49 PM
**To:** Mike Dillingham
**Cc:** 'Marc N. Bernstein (mbernstein@blgrp.com)'
**Subject:** RE: Proof of Revivor

Mike,

As you know, I am awaiting more confirmation of the revivor. We have again been assured by telephone that when it is confirmed, it will have a revivor date of Monday, August 25.

I have reached agreement with Vito's counsel on the following, and I extend the same to you on behalf of your client:

On the understanding that you will agree to drop the pending motion when you receive confirmation of revivor (see below), I propose that your answer (and counterclaim, if any) be due due two weeks from when I provide you by email with a copy of the certificate of revivor, or when I send you email notification of the revivor being up on the Secretary of State website, whichever is earlier. That should give us enough time to file a meaningful and helpful joint CMC statement.

I offered to stay further discovery responses until September 25. That assumes and does require that we agree that the discovery requests are not "dead," i.e., that by reason of the corporate suspension the discovery requests are void or unenforceable even where a revivor has occurred. All other objections are reserved. Obviously, however, any enforceability of the discovery requests hinges on the revivor actually having occurred.

Let me know if you too are in agreement with the foregoing.

Thank you.

Larry


Lawrence G. Townsend
455 Market Street, 19th Floor
San Francisco, CA 94105

Tel: 415-882-3288
Fax: 415-882-3299
Email: lgt@lgt-law.com

EXHIBIT C

# Larry Townsend

| | |
|---|---|
| **From:** | Larry Townsend |
| **Sent:** | Saturday, August 30, 2014 4:43 PM |
| **To:** | 'Mike Dillingham' |
| **Cc:** | Carson, Trevor (tcarson@carsonkyung.com); 'Marc N. Bernstein (mbernstein@blgrp.com)' |
| **Subject:** | RE: Stormwater Systems, Inc |

Mike,

When we agreed on Thursday that one way to provide you proof was to notify you that you can check on the Secretary of State website, I'm not sure what more you were expecting the website to say than what I've sent. As you know, we had to change the name because Vito had scooped it up. A new name, of course, is not the same thing as a new entity.

But I want to be helpful here. It may be that you have no way of knowing that this entity called "Stormwater Systems, Inc.," confirmed to be active and in good standing, is the same as what used to be Safe Drain Inc. The Secretary of State recognized a very long time ago that with all the similar names, it could be very confusing. So that's why they assigned entity numbers to every corporation. If you search "Safe Drain," it's not coming up, of course, because the name has changed to Stormwater Systems. However, if you compare the entity number that you have of what used to be Safe Drain Inc.(exhibits in your motion papers and which then showed the corporation was suspended), you'll be able to verify that it's the same entity number: C2052414.

I trust that clears up your question. What was Safe Drain Inc. has changed its name to Stormwater Systems, Inc., but it's still the same entity.

Larry

---

**From:** Mike Dillingham [mailto:mike@dillinghamlawgroup.com]
**Sent:** Saturday, August 30, 2014 1:58 PM
**To:** Larry Townsend
**Cc:** Carson, Trevor (tcarson@carsonkyung.com); 'Marc N. Bernstein (mbernstein@blgrp.com)'
**Subject:** RE: Stormwater Systems, Inc

Larry,

Thanks for sending this. Recall that I asked for proof of the revivor of the corporate plaintiff in this case. Based on the information in the document you sent, and that appears on the Secretary of State website, it isn't clear to me that the entity named Stormwater Systems, Inc. can pick up right where Safe Drain left off or that it's legally the same entity for the purposes of this case. If the corporate plaintiff in this case is in fact revived, I don't intend to try to alter the deadlines for a responsive pleading or substantive discovery responses. But I do want to know that Stormwater Systems is in fact Safe Drain under a new name, or that it is a new corporation with all of the same rights as the old corporation. It's too big an issue for me to assume anything.

I'll have a lot of availability this coming week to resolve this informally. If you have relevant authority that supports the assertion that the entity identified in the screen print below either is the actual corporate plaintiff or can simply pick up where the prior plaintiff left off, I would appreciate it if you would send it to me. Due to the impact on my client's substantive rights, I want to be sure that this case should proceed before proceeding with it.

Best regards,

Mike Dillingham

1

Dillingham Law Group | 415-578-2520

**From:** Larry Townsend [mailto:LTOWNSEND@owe.com]
**Sent:** Saturday, August 30, 2014 10:58 AM
**To:** tcarson@carsonkyung.com; Mike Dillingham
**Subject:** Stormwater Systems, Inc

Gentlemen,

The Secretary of State website now shows that Stormwater Systems, Inc. (fka Safe Drain Inc.) is now "unsuspended" or active. Regarding the two weeks to file answer/counterclaim, the due date would be September 16.

Once you have had a chance to check the website, I'd appreciate confirmation that you will be taking the motion to dismiss, scheduled for September 25, off calendar on Tuesday, September 2.

Thanks.

Larry


Lawrence G. Townsend
455 Market Street, 19th Floor
San Francisco, CA 94105

Tel: 415-882-3288
Fax: 415-882-3299
Email: lgt@lgt-law.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify the above sender, and destroy all copies of this message and any attachments. Thank you.

| Entity Name: | STORMWATER SYSTEMS, INC. |
|---|---|
| Entity Number: | C2052414 |
| Date Filed: | 06/23/2000 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | PO BOX 612516 |
| Entity City, State, Zip: | SAN JOSE CA 95161 |

| | |
|---|---|
| **Agent for Service of Process:** | JOHN DEMING |
| **Agent Address:** | 119 VAL DERVIN PARKWAY SUITE D5 |
| **Agent City, State, Zip:** | STOCKTON CA 95206 |

EXHIBIT D

# Larry Townsend

**From:** Mike Dillingham <mike@dillinghamlawgroup.com>
**Sent:** Tuesday, September 02, 2014 9:23 AM
**To:** Larry Townsend
**Subject:** Busy day

Larry,

I have a very busy day. I will send a response to your last e-mail either later this evening or tomorrow. I write now only so that you know I received it and that I'll respond. From this minute until after hours today I will be unavailable.

Mike Dillingham

Dillingham Law Group : Tel: 415-578-2520 : Fax: 415-358-5819 : 155 Sansome St., Ste. 500 : San Francisco, CA 94104